**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 16, 2018[*]
Decided January 31, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 17-2378 & 17-2659

| | |
|---|---|
| FRANK C. WILSON, SR., | Appeals from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 15 C 3377 |
| MEGAN J. BRENNAN, | |
| Postmaster General, | Rebecca R. Pallmeyer, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Frank Wilson sued his former employer, the United States Postal Service, bringing 20 separate "claims" under the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–e17, contract law (regarding a collective bargaining agreement), and tort law (including negligence, conspiracy, and infliction of emotional distress). Nearly all arose from three instances of alleged wrongdoing in 2014, which Wilson largely attributes to racial discrimination. The district court

---

[*] We have agreed to decide these consolidated cases without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

dismissed Wilson's final pro se complaint primarily because Wilson had not alleged "adverse actions" within the meaning of Title VII's anti-discrimination and anti-retaliation provisions. The district court denied Wilson's two motions for reconsideration and entered judgment for the Postal Service. We affirm.

Like the district court, we construe Wilson's allegations in the light most favorable to him, "accepting all well-pleaded facts as true, and drawing all reasonable inferences" in his favor. *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013).

Wilson primarily alleges that he was subjected to racial discrimination, retaliation for filing charges with the EEOC, and other unlawful conduct three times in 2014. First, a supervisor told him to come into work on a day he had been scheduled to have off. Second, "the proper procedure was not followed" when he was "issued discipline" for (admittedly) failing to wear his seatbelt while operating a mail truck. And third, after he retired, he received a letter warning him that he was in jeopardy of being considered absent without leave because of his recent pattern of absenteeism. Wilson also complained about five more situations, mostly disciplinary actions, that occurred in 2012. All of these incidents, Wilson asserted, provided a basis for his employment-discrimination, retaliation, and related claims.

The Postal Service moved to dismiss the complaint. It argued that Wilson's seatbelt discipline and cancelled day off were not adverse actions within the meaning of Title VII, that many of his claims were untimely, and that his post-retirement claims about the warning letter were neither administratively exhausted nor based on an adverse action. Also, Wilson's tort claims had not been administratively exhausted as required by the Federal Tort Claims Act. Wilson's constitutional claims, the defendant argued, were not cognizable because Title VII is the exclusive judicial remedy for claims of discrimination in federal employment. The Postal Service also argued that the district court lacked jurisdiction over Wilson's breach-of-contract claim, which, it said, he should have brought in the Court of Federal Claims. To the extent that the contract claim was based upon a collective bargaining agreement, the Postal Service added, Wilson should have used the internal grievance process before filing in district court.

The district court dismissed the complaint. First, the judge agreed with the Postal Service that Title VII is the exclusive judicial remedy for Wilson's discrimination and retaliation claims. Next, the judge dismissed Wilson's Title VII racial-discrimination and retaliation claims because Wilson had not alleged "adverse actions" within the meaning of the statute. Last, the judge dismissed all the other claims, including breach of

contract, negligence, conspiracy, harassment, and negligent or intentional infliction of emotional distress, because they were "state law claims," and Wilson had not responded to the Postal Service's arguments that they were "untimely, insufficiently pleaded, or beyond the court's jurisdiction."

Wilson then moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. He argued that the district court did not presume his allegations to be true, that he had alleged conduct that amounted to adverse employment actions, and that the district court should have exercised jurisdiction over every claim. The judge denied the motion. Wilson filed a timely notice of appeal on July 5, 2017.

On that same day Wilson filed a motion under Federal Rule of Civil Procedure 60(b) to correct "several mistakes." He said that the Postal Service's arguments about exhausting administrative remedies (which relied upon EEOC documents) could be addressed only at the summary-judgment stage, and that he should not have had to substitute the new Postmaster General as the defendant because her predecessor was in charge at the time of the alleged unlawful conduct. The judge denied the motion, noting that "the matter of failure to exhaust administrative remedies appears to be a non-issue," because although the defendant presented the defense, the judge "did not rely" upon it. The judge also explained that the Postmaster General was properly named in her official capacity. Wilson filed a second notice of appeal after the judge entered a separate judgment order denying the Rule 60(b) motion; we consolidated that appeal with his first.

Although Wilson's arguments on appeal are confusing, duplicative, and often not supported by legal authority, we construe pro se filings liberally and address the discernable arguments. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).

First, contrary to Wilson's undeveloped assertion of error, the judge rightly dismissed with prejudice his half-dozen constitutional claims arising out of his employment with the Postal Service. Title VII is the exclusive remedy. *See Bush v. Lucas*, 462 U.S. 367, 368 (1983); *Brown v. General Serv. Admin.*, 425 U.S. 820, 835 (1976).

The judge also correctly dismissed Wilson's Title VII claims—that the canceled day off, the process for imposing discipline for his seatbelt violation, and the absenteeism letter were discriminatory and retaliatory. A discriminatory adverse action is a "significant change in employment status, such as hiring, firing, failing to promote,

reassignment with significantly different responsibility, or a decision causing a significant change in benefits." *Lewis v. City of Chicago*, 496 F.3d 645, 653 (7th Cir. 2007) (quoting *Bell v. E.P.A.*, 232 F.3d 546, 555 (7th Cir. 2000)). We have more broadly described discriminatory acts as those involving "the employee's current wealth, his career prospects, or changes to work conditions that include humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in the workplace." *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016). Retaliatory adverse actions are those "that a reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity." *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016). "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Lapka v. Chertoff*, 517 F.3d 974, 986 (7th Cir. 2008) (citing *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996)).

Wilson's cancelled day off was a temporary change in working hours and is not a retaliatory or discriminatory adverse action. The "anti-retaliation provision does not protect against petty slights, minor annoyances, and bad manners." *Boss*, 816 F.3d at 918. The "employee must suffer something 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Id*. at 918–19 (quoting *Hobbs v. City of Chi.*, 573 F.3d 454, 463–64 (7th Cir. 2009)). Wilson did not allege any meaningful injury from his cancelled day off. This one-time shift change does not rise to the level of a discriminatory adverse action either. *See Grube v. Lau Indus., Inc.*, 257 F.3d 723, 728 (7th Cir. 2001) ("[A] mere change in working hours [transfer to second shift] . . . certainly does not rise to the level of an adverse employment action.").

The other two incidents are also not adverse actions within the meaning of Title VII. Regarding the discipline for violating the seatbelt-safety regulation, Wilson accuses the district court of addressing the imposition of disciplinary action while ignoring the "true controversy": the failure to follow "proper procedure" in doing so. But we fail to see how this could be an adverse action, particularly because Wilson admits his violation. *See Griffin v. Potter*, 356 F.3d 824, 828–29 (7th Cir. 2004) (employee must prove he was meeting employer's legitimate expectations). Similarly, Wilson did not explain how, after he had already retired, his employment status, benefits, or working conditions were adversely harmed when he received a clearly inapplicable letter from the Postal Service that warned he was being considered absent without leave. Indeed, after his retirement, there were no working conditions to change, nor any possible effect on an employee's willingness to complain to the EEOC that could result from the letter.

We turn now to Wilson's remaining claims, beginning with the tort claims that include negligence and infliction of emotional distress. Under the Federal Tort Claims Act, the federal government can be sued in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Postal Service argued that Wilson failed to follow the pre-filing exhaustion requirement because he did not "first present[] the claim to the appropriate Federal agency" and then wait to sue until his claims were "finally denied by the agency in writing." 28 U.S.C. § 2675(a). Wilson does not argue to the contrary. Because the statute of limitations has run on these claims, *see Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 (7th Cir. 2014), timely exhaustion cannot be accomplished now. So, the tort claims should have been dismissed with prejudice for failure to exhaust.

Last is Wilson's breach-of-contract claim. The Postal Service argued that only the Court of Federal Claims has jurisdiction over this claim, but that is incorrect. *See* 28 U.S.C. § 1346(a)(2) (district court has original jurisdiction, concurrent with the Court of Federal Claims, of express or implied contract actions against the United States that do not exceed $10,000), § 1500 (Court of Federal Claims lacks jurisdiction if related claims are pending in another court). Further, it appears that Wilson's contract claim pertains to a collective bargaining agreement, and so Wilson's first line of recourse was under the collective bargaining agreement itself; he was required to exhaust the grievance process before reaching the district court. *Vail v. Raybestos Prod. Co.*, 533 F.3d 904, 908 (7th Cir. 2008). Wilson gives us no reason to believe that he did so, therefore dismissal was appropriate.

We have considered Wilson's other arguments and have concluded that none merits discussion. *See Parker*, 845 F.3d at 816.

AFFIRMED